## BICK v TOLEDO EDISON CO.

Ohio Appeals, 6th Dist, Lucas Co.

No. 2119.   Decided Jan. 3, 1928.

M. A. Liles and A. G. Duer, Toledo, for Bick.

Denman, Miller & Wall, Toledo, for Toledo Edison Co.

## BY THE COURT

We are of the opinion that the counterclaim was one connected with the subject of the action.

It is claimed, however, that the court below erred in charging the jury as follows:

"If the jury find that the plaintiff was given notice by the county of Lucas that the defendant must examine the ground and satisfy himself of said facts and knowledge and conditions, and that he failed to do so, or was mistaken in his conclusions, then he is liable in damages caused by his construction, and can not recover compensation or damage for extra labor from the plaintiff, unless the utility was so concealed that it could not have been discovered with reasonable diligence on the part of the defendant."

It was the duty of the defendant to exercise ordinary care not to injure the conduits and cables of the plaintiff in the construction of the sewer, as the conduits and cables were in the street with the permission of the municipality. **Portland Gas & Coke Co. vs. Giebisch, et al., 84 Ore 632; L R A 1917—E, 1092.** We think that the charge quoted above was not improper for the reason that it involved the element of the exercise of reasonable diligence. We are of the opinion that the term "reasonable diligence" as it was used was the equivalent of "ordinary care," in view of the other instructions given by the court.

We think the law as to estoppel has no application to the present case, especially in view of the fact that the telephone conversation between the defendant and the office of the plaintiff company was not shown to have been with a person authorized to act on behalf of the plaintiff company.

As to the question of nuisance, we think the trial judge properly took the question of nuisance from the jury.

The application for rehearing is denied.

Richard, Williams and Lloyd, JJ, concur.